Carole L. Chiaro v. Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Carole L. Chiaro, Appellant.

Argued October 28, 1976, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Russell J. Ober, Jr.,* with him *Wallace, Chapas & Ober,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 9, 1976:

Carole L. Chiaro (claimant) was last employed by the Bureau of Employment Security (Bureau). Her last day of work was October 18, 1974 when she terminated her employment upon the advice of her physician. She applied for unemployment compensation benefits, and the Bureau denied her application on the basis that she failed to demonstrate that her voluntary termination resulted from a cause of a necessitous and compelling nature. Claimant appealed this determination, and a referee reversed the decision of the Bureau and granted benefits to the claimant.

On December 21, 1974, the Bureau filed a petition for appeal with the Unemployment Compensation Board of Review (Board). The Board, without holding a hearing or receiving additional evidence, made a new finding that "[t]he claimant is not able and available for suitable work." On the basis of this new finding, the Board ordered that benefits to the claimant be denied. This appeal followed and we remand.

The Board acknowledges that, without notice to claimant, it changed the rationale for denial of benefits from Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)

(1) (terminating employment without a necessitous and compelling reason), to Section 401(d) of the Act, 43 P.S. §801(d), which requires as a condition of eligibility that the claimant be "able to work and available for suitable work."

Being of the view that a denial of benefits is unjustified lacking an opportunity for the claimant to be heard on the question of her availability for suitable work and further that a grant-of-benefits determination would not be proper on the present record, we will remand the case to the Board to afford the claimant an opportunity to present evidence relative to the "able and available" issue. *See Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976); *Unemployment Compensation Board of Review v. Grossman*, 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976); *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975).

We therefore issue the following

ORDER

AND Now, this 9th day of December, 1976, the record is remanded to the Unemployment Compensation Board of Review for further proceedings not inconsistent with the above opinion.