Herbert A. Hammerstone, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Joseph M. Dougherty, II,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Mencer, October 21, 1977:

This appeal has been taken under provisions of the Unemployment Compensation Law[1] (Act) by Herbert A. Hammerstone (claimant) from a denial of benefits by the Unemployment Compensation Board of Review (Board). The Board had affirmed the referee's denial of benefits. Since we agree with this result, we will affirm.

For 15 months the claimant worked for Tele Sales, Inc., where his duties involved soliciting, by telephone, renewal subscriptions to the magazine, *TV Guide.* On November 21, 1975, he was laid off when the company cut back its operations. At about the same time, Ray-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

mond Wilson, president of both Tele Sales and Valfor Enterprises, Ltd., an affiliate company, offered the claimant a position with Valfor. The claimant did not accept. The duties of the offered job involved telephone solicitation of new subscriptions for *TV Guide* and *Philadelphia Magazine* on behalf of Children's Hospital of Philadelphia. While Wilson testified to the similarity in pay, benefits, and working conditions of the two jobs, the claimant testified as to the differences.

At the start of the hearing before the referee, it was noted that the Bureau had denied benefits based on Section 402(a) of the Act, 43 P.S. §802(a), for a refusal by the claimant to accept suitable work. The referee found that the claimant was laid off, that the offered job with Valfor involved similar duties, working conditions, pay, and fringe benefits and that the claimant elected to become unemployed rather than accept the job with Valfor.[2] The claimant was found ineligible for benefits, based on Section 402(b)(1) of the Act, 43 P.S. §802(b)(1) (voluntarily leaving work). When the Board disallowed a further appeal, the claimant appealed to this Court.

Under Section 402 of the Act, an employe shall be ineligible for compensation for any week—

(a)  In which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him . . . by any employer. . . .

(b)(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

The finding here that the claimant was laid off is inconsistent with the conclusion that he had voluntarily

---

[2] The employer's evidence indicated that the claimant's response to the offer was "Thanks but no thanks, I'm just going to collect unemployment."

left work. As we recently stated in *Hutt v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 57, 59-60, 367 A.2d 390, 391 (1976).

> [t]he phrase 'voluntarily leaving work' in Section 402(b)(1) means that 'he left of his own motion; he was not discharged. *It is the opposite of* a discharge, dismissal or layoff by the employer or other *action by the employer severing relations with his employes. . . .*' (Emphasis added.) Labor and Industry Department v. Unemployment Compensation Board of Review, 133 Pa. Superior Ct. 518, 521, 3 A.2d 211, 213 (1938).

The Board has argued that Section 402(b)(1) is applicable under the rationale of *Unemployment Compensation Board of Review v. Fields*, 24 Pa. Commonwealth Ct. 347, 355 A.2d 836 (1976), and *Dinges v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 306, 369 A.2d 898 (1977). We disagree. In both *Fields* and *Dinges*, the claimant was offered another position in the same company when her present job was terminated. After looking at the substance of the employee's action there, we applied Section 402(b) instead of 402(a). Here, the claimant was laid off from one company and offered a position with another. That Wilson was president of both affiliated companies is not sufficient to treat the claimant's actions as voluntarily leaving work under Section 402(b)(1).

Our scope of review where the decision of the Board is against the party with the burden of proof[3] is limited to a determination of whether the findings of fact are consistent with each other and the conclusions of law and can be sustained without a capricious

---

[3] The claimant has the burden of proving his entitlement to benefits here. *See Veneski v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 154, 370 A.2d 382 (1977).

disregard of competent evidence. *Baird v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 118, 372 A.2d 1254 (1977). Although the referee's findings of fact were not consistent with the conclusion of a voluntary leaving under Section 402(b)(1) of the Act, they inevitably lead to a finding of failure to accept suitable work under Section 402 (a).[4] The conflict in the testimony as to whether the job with Valfor was suitable was properly resolved by the referee against the claimant. *See Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 616-17, 369 A.2d 506, 509 (1977) (role of the Board in resolving questions of credibility).

In the past, we have remanded cases to the Board where it improperly declared a claimant ineligible under a section of the Act regarding which claimant had no opportunity to be heard or present evidence. *Chiaro v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 459, 366 A.2d 959 (1976); *see Boob v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975). The reason for such a remand is principally to allow the claimant an opportunity to present evidence on the issue upon which the case is to be decided. *See Chiaro, supra.* Here, the claimant had that opportunity. The referee made it clear at the start of the hearing that Section 402(a) (failure to accept suitable work) was being considered. It was not until the referee's decision was handed down that Section 402(b)(1) (voluntarily leaving) entered the picture. Under these circumstances, the need for a remand vanishes. The claimant's rights to notice and an opportunity to be heard would not be more fully protected by affording him a second opportunity to

---

[4] *See* Section 4(t) of the Act, 43 P.S. §753(t) ("suitable work" defined).

do precisely what he had a chance to do the first time, *i.e.*, to explain the reason for refusing the job with Valfor.

For the reasons stated, we make the following

ORDER

AND Now, this 21st day of October, 1977, the order of the Unemployment Compensation Board of Review, dated August 26, 1976, denying benefits to Herbert A. Hammerstone, is hereby affirmed.