Curtis Collins, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, December 22, 1978:

This is an appeal by Curtis Collins (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits pursuant to Sections 3 and 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§752, 802(b)(1).

The findings of fact which are supported by the record indicate that claimant was employed as a truck driver for S. D. Richmond Sons, Inc. Claimant was aware that a valid driver's license was required in order to perform his work. On April 30, 1976, the Pennsylvania Department of Transportation suspended claimant's license for failure to pay a judgment of $500 arising out of an automobile accident. As a result, claimant lost his job since he was unable to perform the work for which he was employed and since there was no other available work.

The only issue on appeal is whether claimant was properly denied benefits under Section 3 of the Act,

*i.e.,* whether he was unemployed through his own fault. Claimant argues that his failure to satisfy the judgment was not blameworthy or culpable conduct which constituted "fault" within the meaning of Section 3. Claimant offered no reason for the failure to satisfy the judgment. He did not claim that he was unable to pay it or that he was unable to settle the matter otherwise. Under such circumstances, this case is controlled by this Court's decision in *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977). In *Strokes,* which involved almost identical facts, we held that an employee's failure to pay a judgment which caused his license to be suspended and resulted in his loss of employment as a truck driver did constitute "fault" within the meaning of Section 3.

Therefore, we affirm the Board's decision.

ORDER

AND Now, this 22nd day of December, 1978, the order of the Unemployment Compensation Board of Review, dated March 28, 1977, denying benefits to Curtis Collins, is affirmed.