Harold F. Huff, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUM-LISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*George Price,* with him *Warren R. Baldys, Jr.,* for petitioner.

*Michael D. Klein,* with him *James K. Bradley,* Assistant Attorney General, *Daniel R. Schuckers,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, January 17, 1979:

Harold F. Huff (claimant) appeals from a decision of the Unemployment Compensation Board of Review that he was ineligible for benefits under Section 3 of the Unemployment Compensation Law (Act)[1] because his unemployment did not result ''through no fault of [his] own.''

The claimant was employed as a truck driver for Maislin Transportation of Delaware, Inc. (employer), when his driver's license was suspended for one year as a result of his driving while not in the course of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. This section provides:

Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency fall with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigence can best be provided by the systematic setting aside of financial reserves *to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own.* The principle of the accumulation of financial reserves, the sharing of the risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory *setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

his employment but under the influence of intoxicants. Because his employer had no work for him other than that which would require having a valid driver's license, he was discharged. He then applied to the Bureau of Employment Security for unemployment compensation benefits which were denied on the basis that he was ineligible under Section 402(e) of the Act, 43 P.S. §802(e) because his discharge was due to his own willful misconduct. On appeal, the referee concluded that the claimant was not disqualified under Section 402(e) because the conduct which led to his discharge was not connected with his work, but the referee did deny benefits on the ground that the claimant's unemployment was not ''through no fault of his own'' as required by Section 3 of the Act.

Our scope of review in an unemployment compensation case is limited to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by substantial evidence. *Owen v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976).

It is uncontroverted here that the claimant lost his job solely through his own fault. The issue, therefore, is whether or not Section 3 provides an independent substantive basis upon which to deny benefits under the Act. And, because we have previously held in *Unemployment Compensation Board of Review v. Ostander*, 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975) that it does, we are bound to affirm the decision of the Board.

The claimant's contention that Section 3 used as a disqualifying provision is unconstitutionally vague has also been refuted by this Court in *Strokes v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977).

Accordingly, we affirm.

14

ORDER

AND Now, this 17th day of January, 1979, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.