## John Dombroskie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Gary Niarini,* with him *Reese F. Couch,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, September 11, 1979:
John Dombroskie (Claimant) appeals the order of the Unemployment Compensation Board of Review

(Board) which denied him benefits pursuant to Section 3 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752.[1]

Claimant was employed by the Department of Environmental Resources, Bureau of Human Relations, as a security officer for five years and three months. On August 16, 1977, Claimant was discharged for being convicted on charges of "hit and run" in an accident occurring while he was off duty driving his own automobile on July 6, 1977, and for falsifying his accident report. These matters were confirmed in a letter from the employer to the Claimant dated August 17, 1977. Both offenses are summary offenses.

An application for benefits was filed with the Bureau of Employment Security (Bureau) on August 21, 1977. The Bureau denied benefits pursuant to

---

[1] Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

Section 402(e) of the Act, 43 P.S. §802(e).[2] Claimant appealed, and, after a hearing at which Claimant was the only witness, the referee affirmed claimant's ineligibility but denied benefits under Section 3 of the Act, 43 P.S. §752, instead of Section 402(e). Claimant appealed to the Board which affirmed the referee. It is from that decision and order that the present appeal arises.

Claimant argues that 1) the Board abused its discretion in that its decision is not supported by substantial evidence; 2) the Board erred as a matter of law by disqualifying Claimant pursuant to Section 3 of the Act; and 3) a denial of benefits pursuant to Section 3 of the Act violates the Due Process Clause of the Pennsylvania and United States Constitutions, in that Section 3 is void for vagueness. We will address these issues seriatim.

First, we cannot agree with Claimant's contention that there is not substantial evidence to support the Board's decision. Claimant's own testimony indicates that he realized his "fault" in the actions he took which culminated in his convictions.

One of Claimant's convictions was for falsifying an accident report. Although this did not directly involve Claimant's employer, our Superior Court has held that,

> [a] employer cannot be blamed because of his unwillingness to employ . . . one guilty of a crime involving dishonesty or moral turpitude, whether the offense was committed to his injury or another's.

---

[2] An employe shall be ineligible for compensation for any week—

. . . .

In which his unemployment is due to . . . willful misconduct. . . .

43 P.S. §802(e).

*Department of Labor and Industry v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 246, 248, 24 A.2d 667, 668 (1942). "As a general rule, all crimes of which fraud is an element are looked on as involving moral turpitude." *Moretti v. State Board of Pharmacy,* 2 Pa. Commonwealth Ct. 121, 125, 277 A.2d 516, 518 (1971). Knowingly providing false information on an accident report would definitely entail an element of fraud.

We hold that Claimant's admission of a conviction of a crime involving both dishonesty and moral turpitude constitutes substantial evidence sufficient to sustain a Section 3 disqualification.

We have recently held that "if a claimant's own testimony establishes with sufficient certainty the crucial facts of a case, we see nothing improper in the Board's relying on that testimony when making its findings of fact." *DiGiovanni v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 605, 404 A.2d 449 (1979). In that case Judge MENCER ruled that the claimant's own testimony was sufficient to carry employer's burden of proof. The same rule applies here. We hold that a security officer's[3] admission of an offense involving moral turpitude is sufficient to sustain employer's burden of proving "fault" in Section 3 cases.

Claimant also argues that it is not clear from the decisions of the referee and the Board what weight, if any, they gave to the hearsay testimony to which Claimant objected regarding the status of his operator's license. It seems obvious to us that neither the referee nor the Board gave that matter any weight whatsoever since it is not mentioned in either deci-

---

[3] A security officer is by definition a position of trust. *See Perdue v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977).

sion, both decisions being based solely upon the summary offenses previously mentioned herein.

Secondly, Claimant argues that the Board erred as a matter of law in disqualifying him pursuant to Section 3. In effect, Claimant argues that Section 3(b) of the Statutory Construction Act, 1 Pa. C.S. §1921(b)[4] mandates that the use of Section 3 of the Act is limited by the ambiguous list of disqualifying provisions found in Sections 401 and 402. With this we cannot agree.

Section 3 has always been the cornerstone of the Act. The term "fault" has not been employed for all these years as a "catch-all" phrase to give effect to the Section. Rather, the phrase "through no fault of their own" has repeatedly been construed by our courts to exclude a *clearly* defined category. The category of individuals disqualified under Section 3 consists of those individuals who are unemployed through their own fault, arising from a non-work related incident. This category is clearly distinct from those covered by Sections 401 and 402 of the Act.

Our recent case law provides us with some examples of individuals disqualified by Section 3 and clearly within the category envisioned by early case law dealing with that Section. *See Huff v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (1979), *allocatur granted*, April 9, 1979, (claimant truck driver discharged for loss of driver's license not in course of employment); *Perdue v. Unemployment Compensation Board of Review, supra,* (claimant construction inspector discharged for conviction for retail theft not in course of employment); *Unemployment Com-*

---

[4] When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
1 Pa. C.S. §1921(b).

*pensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975), (claimant truck driver discharged for conviction of "conspiracy to interfere with civil rights of another" not in course of employment).

These cases are not and could not in any way be construed to be limited by Sections 401 and 402 of the Act. Accordingly, we hold that the Board has not erred as a matter of law in the instant case by denying benefits to this Claimant under Section 3.

Finally, Claimant contends that Section 3 is void for vagueness, and that the term "fault" is at the core of the ambiguity.

In *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977), the claimant also contended "that the term 'through no fault of their own,' does not provide an adequate standard." *Strokes, supra* at 589, 372 A.2d at 487. However, this Court concluded that,

[t]he consistent meaning of this word . . . has been explained at various times by the courts of this State. . . . [and] that the word 'fault' as used in the Act was not such an indefinite and vague word as to be constitutionally defective. *Id.*

Claimant has failed to convince us that our prevailing case law should be over-turned.

As we find substantial evidence to support the Board's decision, and we can find no constitutional violations or errors of law, we are bound to affirm.

ORDER

AND Now, this 11th day of September, 1979, the order of the Unemployment Compensation Board of Review, dated April 4, 1978 is hereby affirmed.