George D. Bechtel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Robert D. Kodak,* with him *Knupp & Andrews,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, September 13, 1979:

George D. Bechtel (Claimant) has been denied benefits under the provisions of Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752.[1]

---

[1] Section 3 of the Law provides in its entirety :

Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its

Prior to being terminated on January 18, 1977, Claimant had worked sixteen years for his employer as a truck driver and warehouseman. He was dismissed as an employee because his license to operate a motor vehicle was suspended for one year following his conviction for driving while under the influence of intoxicating liquor. This was his second arrest for that offense. On the first occasion, his employer permitted him to work as a warehouseman for the duration of the suspension. Although Claimant was led to believe that he would receive similar consideration from his employer on this occasion, instead his employer dismissed him and told him to seek unemployment benefits because the employer could not "work it out" this time.

.The only issue presented by Claimant is whether the Unemployment Compensation Board of Review erred as a matter of law when it decided that Claimant should be denied benefits under Section 3 of the Law where Claimant's accident and subsequent arrest

---

resulting burden of indigency falls with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

occurred while Claimant was on his own personal business and in his own personal vehicle. This specific issue was recently addressed by our Court and decided adversely to Claimant's position in *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (allocatur granted April 9, 1979).

Order affirmed.

### ORDER

AND Now, this 13th day of September, 1979, the order of the Unemployment Compensation Board of Review dated November 1, 1977, denying benefits to George D. Bechtel is affirmed.