Godfrey J. Kroepil, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Eastman Restaurant Company, Intervening Respondent.

Argued February 8, 1980, before Judges WILKIN-SON, JR., MENCER and CRAIG, sitting as a panel of three.

*John R. Mazero, Jr.,* with him *Patrick H. Mahady* of *Mahady & Mahady,* for petitioner.

*Gary Marini,* Assistant Attorney General, for respondent.

*Phillip J. Binotto, Jr.,* of *Greenlee, Richman, Derrico & Posa,* for intervening respondent.

OPINION BY JUDGE CRAIG, March 14, 1980:

This is a petition to review the affirmance by the Unemployment Compensation Board of Review of a referee's denial of unemployment compensation benefits to claimant, Mr. Kroepil, under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), on the basis that he had quit his job as a restaurant manager without cause of a necessitous and compelling nature.

Claimant had been employed as the manager of a restaurant in New Stanton, Pennsylvania which first opened for business May 9, 1978, with operating hours from 7:00 a.m. to midnight. On May 11, and 24, claim-

ant reported to his superiors that high school students employed by the restaurant, under 18 years of age, had been working as late as 2, 3 and 4:00 a.m., to clean up after closing. Claimant proposed the immediate adoption of earlier closing hours so that the working hours of such younger employees could be brought into compliance with child labor law requirements that such employees work not later than 11:00 p.m. on evenings preceding school days and not after midnight on other evenings.[1]

Claimant's superiors instructed him to obtain older personnel not subject to such limitations and declined to change the closing hours. Claimant, who contends that he was unable to find older workers, voluntarily quit on May 26, 1978.

Claimant, in his interview with the Bureau of Employment Security (now office of Employment Security) gave his concern about the child labor laws as one of his reasons for quitting but also expressed his dissatisfaction with his superiors' actions in several other respects.

Certainly the presence of reasons other than the alleged child labor law violations would not destroy the efficacy of such law violation as a basis for quitting. We have held that an employe has sufficient cause to terminate employment when the employer requires him to pursue unlawful activities. *Zinman v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973).

However, the employer's officials apparently did not insist upon an illegal situation; they authorized replacement of the young employees.

Examination of the record and referee's decision shows that the referee, after much questioning on the

---

[1] Section 4 of the Child Labor Law, Act of May 13, 1915, P.L. 286, *as amended,* 43 P.S. §46.

point, simply did not accept claimant's protestations that he could not find older workers or take other steps to avoid the late working hours.

The referee, not required to believe even uncontradicted testimony, *Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 310 A.2d 707 (1973), concluded that claimant did not sustain his burden of establishing cause for quitting. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

Because the alleged impossibility of claimant being able, as manager, to remedy the problem is not free from doubt, we cannot conclude that the referee capriciously disregarded evidence. *Hammerstone v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 256, 378 A.2d 1040 (1977).

We therefore affirm the decision.

ORDER

AND Now, this 14th day of March, 1980, the order of the Unemployment Compensation Board of Review No. B-163322 dated August 25, 1978 is affirmed.

President Judge BOWMAN did not participate in the decision in this case.