Ralph Varmecky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 8, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Stephen E. DiNovis,* with him *Edward R. Schellhammer, John D. Gibson,* and *Martin Nadorlik,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, July 20, 1981:

Ralph Varmecky (petitioner) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits. We affirm.

From May 1976 through March 30, 1979, the petitioner had been employed as a "casual" mail carrier by the U.S. Postal Service. One of the prerequisites for the position was a valid federal driver's license. The record reveals that this was not regular full-time employment, but it is clear that the petitioner had been appointed to several consecutive 89-day terms prior to his termination. During this time span, the petitioner was involved in three automobile accidents involving Postal Service vehicles which he was driving.[1] He admits that he was at fault in at least one of these accidents.

After the third accident, the petitioner's federal driver's license was suspended.[2] When his 89-day appointment as a casual carrier expired on March 30, 1979, the petitioner would have been appointed to another 89-day term but for the fact that he did not have a valid federal driver's license.

The petitioner applied for unemployment compensation benefits, and his application was allowed by the

---

[1] The accidents occurred on February 13, 1978, January 25, 1979, and February 15, 1979.

[2] The petitioner has asserted that he was denied the opportunity to appeal the suspension of his federal driver's license. If this is so, his remedy would have been to directly challenge that decision. We would not hear a collateral attack in this unemployment compensation claim proceeding, even if we had the power to do so. *Shimko v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 578, 422 A.2d 726. (1980).

Office of Employment Security. This decision was reversed by the referee, who found that the petitioner had not become "unemployed through no fault of [his] own." Section 3 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752. The Board affirmed the referee but based its decision upon the willful misconduct provisions of Section 402(e) of the Act, 43 P.S. §802(e).

The petitioner contends that the Board should be reversed because the loss of his federal driver's license did not constitute willful misconduct. We need not consider this contention, however, because the petitioner was ineligible for benefits under 43 P.S. §752. Since the referee originally found the petitioner ineligible under this provision, we may properly consider it in resolving this appeal. *See Hammerstone v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 256, 378 A.2d 1040 (1977). *But see Millersville State College v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 238, 335 A.2d 857 (1975) (failure to reappoint an untenured assistant professor because he had not satisfied certain continuing education requirements was treated as a discharge and benefits were denied on the basis of willful misconduct).

In *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (1979), *aff'd per curiam,* 487 Pa. 448, 409 A.2d 854 (1980), this Court held that a truck driver who was discharged because his state driver's license had been suspended for driving under the influence of intoxicants was ineligible for benefits because he failed to meet the "no fault" requirement of 43 P.S. §752. In the case presently before us, the petitioner's federal driver's license had been suspended because he was involved in three accidents while driving U.S. Postal

Service vehicles. Since the petitioner was responsible for, at least one of the accidents, he, like the claimant in *Huff*, lost his driving privilege through his own fault. Therefore, he was not "unemployed through no fault of [his] own," 43 P.S. §752, and so was ineligible for unemployment compensation benefits.[8]

For this reason, we enter the following

## ORDER

AND Now, this 20th day of July, 1981, the decision of the Unemployment Compensation Board of Review, dated March 7, 1980, which denied benefits to Ralph Varmecky, is hereby affirmed.

---

[3] Our decision is not altered by the fact that the petitioner was not discharged, but was simply not rehired at the expiration of his 89-day term. All parties agree that the suspension of the petitioner's federal drivers license caused him to be unemployed.