Joseph E. Miles, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 17, 1984, to Judges ROGERS, CRAIG and BARBIERI, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 27, 1984:

Joseph E. Miles appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits under section 3 of the Unemployment Compensation Law,[1] 43 P.S. §752. We must determine[2] whether a truck driver who has been discharged for failure to maintain a valid driver's license is unemployed through his own fault, despite his efforts to prevent loss of the license.

Before Miles began working for Harway Corporation, he received a traffic citation, subjecting him to a fine of $121.70. The record contains a cancelled check in that amount, documenting that Miles paid the fine on July 30, 1980. Nevertheless, the Bureau of Motor Vehicles refused to renew his license in 1981 because their records listed Miles' fine as outstanding.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§751-771.

[2] Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, limits our scope of review to a determination of whether a party's constitutional rights were violated, an error of law was committed, or necessary findings are not supported by substantial evidence.

When Miles' driver's license expired on December 7, 1981, Harway discharged him.

This court has determined that an employee who is not disqualified from receiving unemployment compensation benefits under one of the exceptions enumerated in section 402 of the law, 43 P.S. §802, may nevertheless be ineligible under section 3. That section is a preliminary provision declaring the Commonwealth's public policy to compensate "persons unemployed through no fault of their own," but has been interpreted as providing an independent ground for disqualification. *Smith v. Unemployment Compensation Board of Review*, 487 Pa. 448, 409 A.2d 854 (1980) ; *Corbacio v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 70, 466 A.2d 1117 (1983).

In similar cases involving employees required to maintain valid drivers' licenses as a condition of employment, this court has held that an employee is ineligible for benefits under section 3 if he loses that license because of a traffic violation, *Huff v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 11, 396 A.2d (1979), *aff'd*, 487 Pa. 448, 409 A.2d 854 (1980), or because of his failure to pay a judgment against him in a civil action, *Strokes v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 584, 372 A.2d 485 (1977), *aff'd*, 487 Pa. 448, 409 A.2d 854 (1980).

However, here the record establishes that Miles paid the traffic fine, and otherwise diligently pursued every available means of maintaining a valid driver's license. Before the license expired on December 7, 1981, Miles filled out license renewal forms and remitted the $21.50 fee requested by the bureau. The canceled check in that amount provides record evidence that the bureau received Miles' renewal. Miles testi-

fied that he has written "numerous letters to Harrisburg" asking why he has not received his license, but he has had no response.

Although the loss of Miles' license prompted the dismissal from his position as truck driver, the loss appears to be attributable to an administrative error in recordkeeping rather than to any fault of his own.

Accordingly, we reverse.

### Order

Now, November 27, 1984, the order of the Unemployment Compensation Board of Review at No. B-208943, dated August 18, 1982, is reversed.