Mary N. Jones, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

406

Argued February 2, 1984, before Judges CRAIG, COLINS and DOYLE, sitting as a panel of three. Reargued September 11, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*Thomas Scott,* with him, *Lynne L. Wilson and Catherine C. O'Toole,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., December 13, 1984:

We affirm the decision of the Unemployment Compensation Board of Review which upheld a referee's order denying benefits to Mary Jones pursuant to Section 3 of the Unemployment Compensation Law because she was not "unemployed through no fault of [her] own."[1]

On appeal, Jones' major contention is that the Board erred as a matter of law in determining that her unemployment was due to her fault. Jones, a teacher, was employed with an emergency teaching certificate. Additional credits were required before a permanent certificate could be issued. She was terminated for failure to attain proper permanent certification, due to her delay in pursuing the needed credits.

It is now well settled that Section 3 provides an independent ground for disqualification from benefits. *Corbacio v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 70, 74, 466 A.2d 1117, 1119 (1983). Individuals disqualified under Section 3 are those who are unemployed through their own fault, arising from a non-work related incident. *Dombroskie v. Unemployment Compensation Board*

---

[1] Section 3 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752, provides:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. . . . Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during period when they become *unemployed through no fault of their own.* . . . The Legislature, therefore, declares . . . the compulsory setting aside of *unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.* (Emphasis added.)

*of Review,* 45 Pa. Commonwealth Ct. 546, 551, 405 A. 2d 1044, 1046, (1979).[2] The term "fault" requires at least a shortcoming, but need not entail a serious crime. *Strokes v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 584, 589, 372 A.2d 485, 487 (1977), *aff'd,* 487 Pa. 448, 409 A.2d 854 (1980). Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, this Court's review is limited to determining whether there was a violation of constitutional rights or an error of law and whether the referee's findings are supported by substantial evidence. *Corbacio,* 78 Pa. Commonwealth Ct. at 72, 466 A.2d at 1118.

A review of the record discloses that from May of 1980 until her termination on February 5, 1982, Jones completed only six of the nine credit hours she needed to receive a permanent certificate. Her emergency certificate expired on August 20, 1981. Although she claimed that the Department of Education told her in July of 1981 that enrollment in a three-credit correspondence course would entitle her to a reissued emergency certificate, other testimony indicates that the Department allowed Jones to teach during the Fall term of 1981 only because it believed she had nearly finished the course. Such questions concerning the credibility of the witnesses and the weight to be accorded the evidence are left to the Board. *Rosenberger v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 455, 459, 376 A.2d 1018, 1021 (1977).

---

[2] Although Jones argues that she is entitled to benefits because her conduct arose from a work-related incident and did not amount to willful misconduct, this Court has noted that a work-related incident must occur within the course of employment. *Dombrowskie,* 45 Pa. Commonwealth Ct. at 551-52, 405 A.2d at 1046. Our review of the record reveals that Jones' failure to attain the necessary credits occurred outside her course of employment.

Jones' delay is at least a shortcoming, for which she has not shown good cause. The Board has committed no error of law and there is substantial evidence to support its conclusion that her unemployment was due to her fault.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-208528 dated July 30, 1982, is affirmed.

---

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent. I do not believe that petitioner's behavior here characterized by the majority as "at least a shortcoming, for which she has not shown good cause," is enough to constitute fault as intended by Section 3.

Ms. Jones had completed two of the three courses required in order for her to receive a permanent certification. She had enrolled in the third course but had not completed it by February 1982. She had been led to believe that she could obtain a reissued Emergency Certificate if she had begun the final course by the beginning of the school year. (She did complete the course by April 2, 1982).

Our Supreme Court, in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 625, 437 A.2d 1213, 1215 (1981), clearly required that "an unemployed worker can be denied benefits only by *explicit* language in the Act, which clearly and plainly excludes that worker from its coverage." (Emphasis in original.)

Petitioner's failure to gain certification is not specifically enumerated in any section of the Act, nor is it alleged to be willful misconduct. In view of the ameliorative intent of the Act, I believe that petition-

er's inaction does not constitute fault within Section 3, and does not fit within any of the enumerated exclusions of the Act. Therefore, she should be allowed to receive benefits.