525 A.2d 846

Paul H. Kobie, III, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 13, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Norton H. Brainard, III,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 13, 1987:

An Unemployment Compensation referee denied benefits to Paul H. Kobie, III, for refusing an offer of suitable work. Section 402(a) of the Unemployment Compensation Law (Act).[1] The Board affirmed; Kobie appeals. We vacate and remand.

Kobie, a truck driver for Northwestern Products, was advised that the company would soon be closing its trucking operation and that new employment was available with Transport Personnel Services at the same salary, benefits and hours. The referee found that Kobie did not accept this offer.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

An employee is properly denied unemployment compensation benefits when he refuses to work with a succeeding employer with similar pay, benefits and working hours. *Hammerstone v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 256, 378 A.2d 1040 (1977).

Kobie contends that when he received written notification of employment with Transport, the offer by its own terms had already expired.

Despite conflicting testimony about when Kobie received written notification, it is clear from his own testimony that he was aware of a verbal offer weeks before the expiration date. Indeed, Kobie admitted that he was offered a new job but rejected it on the advice of his union representative because it would require him to join a different union.[2] Thus, the record supports the conclusion that Kobie refused an offer of suitable work.

However, the referee's findings did not explicitly determine when the prospective employer's offer was made. If the offer was made *before* the end of the claimant's employment with Northwestern, the appropriate analysis would be under Section 402(b) of the Act,[3] as an offer of continuing employment. Section 402(a) controls if the offer of work was made after separation.[4] *See Hammerstone.*

---

[2] N.T., 9-5-85, p. 27.

[employer counsel]: Is it your testimony, Mr. Kobie, that a reason or the reason for not accepting work with Mr. Morano was the fact that you would have to become a member of Local 107?

[claimant]: Yes.

Kobie also admitted substantial knowledge of the terms of the offer. (p. 28.)

[3] 43 P.S.§802(b).

[4] Conversely, if the Board determines that the offer remained open after Kobie's position with Northwestern was terminated, Section 402(a), 43 P.S. §802(a), would be applicable.

Despite this Court's belief that Kobie did not make a good-faith effort to secure continuing employment, we remand for clarifying findings as to when Kobie received the offer, how long the offer was open, and when Kobie rejected it.

We note that the Supreme Court has held that a newly devised disqualification basis, if not raised before reaching the Commonwealth Court, must be treated as waived. *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981).

Therefore, the Board is precluded from applying Section 402(b) to disqualify Kobie from benefits. However, if the Board determines that the offer remained open after Kobie's position with Northwestern was terminated, and subsequently he rejected it, Section 402(a) would be applicable.

Remanded.

### ORDER

The Unemployment Compensation Board of Review order, No. B-244558 dated November 13, 1985, is vacated and this case is remanded for findings consistent with the foregoing opinion.

Jurisdiction relinquished.