Dean C. **WILLIAMS**, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 10, 1994.
Decided Dec. 15, 1994.

---

Raymond R. Williams, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Dean C. Williams (Claimant) appeals from the order of the Unemployment Compensation Board of Review (UCBR) that affirmed the referee's denial of benefits to Claimant pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), and established a non-fault overpayment under Section 804(b) of the Law, 43 P.S. § 874(b). We affirm.

Claimant worked as a pest control serviceman for Taylor Pest Control (Employer). At the time of hire in March 1991, Employer informed Claimant that his job required a valid driver's license and safe driving habits.

On October 6, 1993, the Department of Motor Vehicles (Department) informed Claimant that his license was scheduled to be suspended for non-payment of fines incurred while driving his own vehicle, not Employer's truck. Approximately two weeks later, Claimant paid these fines to a magistrate, but did not inform the Department that he had done so.

On November 12, 1993, Employer received notification from its insurance company that the Department had suspended Claimant's driver's license. The insurance company stated it would no longer insure Claimant to drive any of Employer's vehicles. Employer thus terminated Claimant's employment on November 12, 1993.

Following his dismissal, Claimant obtained a receipt from the magistrate to whom he had paid the fines and forwarded the receipt to the Department. The Department reinstated Claimant's driver's license effective December 1, 1993. Claimant then returned to Employer with proof that his license had been restored. However, because Employer's insurance company would not insure Claimant because he still had points against his license and was considered a risk for the next three years, Employer did not reemploy Claimant.

Claimant filed for benefits which the Job Center refused and assessed a fault overpayment pursuant to Section 804(a) of the Law, 43 P.S. § 874(a). Claimant appealed and following a hearing the referee affirmed the Job Center's denial of benefits but established a non-fault overpayment. The UCBR affirmed.

On appeal to this Court,[1] Claimant argues that the UCBR erred in denying Claimant benefits for willful misconduct connected to his work. Claimant contends that the only reason Employer terminated his employment is because Employer's automobile insurance company excluded coverage of Claimant for non-job-related motor vehicle violations.

Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge from work for willful misconduct connected with his work. Whether an employee's conduct con-

---

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

stitutes willful misconduct is a question of law subject to our review. *Caruso v. Unemployment Compensation Board of Review,* 122 Pa.Commonwealth Ct. 351, 551 A.2d 1167 (1988).

■ While the term "willful misconduct" is not defined in the Law, it has been defined as an act of wanton or willful disregard of the employer's interest, deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect from an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973). The employer has the burden of establishing a claimant's ineligibility for compensation on the basis of willful misconduct. *Jamison v. Unemployment Compensation Board of Review,* 145 Pa.Commonwealth Ct. 5, 602 A.2d 420 (1992).

Claimant argues that he had obtained the restoration of his driver's license by December 1, 1993, at which time Employer advised him that despite his valid driver's license, he could no longer be employed due to the insurance company's exclusion. Claimant asserts that the referee imputed knowledge to Claimant that he needed a clean driving record to continue employment, while Employer's witness testified that he was previously unaware of the position which the insurance company would take. Claimant contends that the referee should not be permitted to impute knowledge of the insurance company policy exclusion to Claimant so as to enable Claimant's behavior to be labeled "willful misconduct," when even Employer had been previously unaware of the insurance company's policy.

Claimant bases his argument that his actions were not willful misconduct on *Miles v. Unemployment Compensation Board of Review,* 86 Pa.Commonwealth Ct. 186, 484 A.2d 418 (1984), wherein an administrative error led to the suspension of driving privileges. In *Miles,* we held that the claimant's termination for failure to retain a valid driver's license could not be attributed to the fault of the claimant because the claimant had properly sent in his renewal forms and paid the fee. However, *Miles* is distinguishable from the case before us.

Claimant's license here was suspended due to fault on his part, i.e., incurring and then failing to pay fines in a timely manner. Unlike the claimant in *Miles,* where there had been an administrative error, the error here is on the part of the Claimant whose license was justifiably suspended by the Department.

Claimant's argument that he can no longer be employed because of the insurance company's exclusion is also an erroneous interpretation of the referee's findings.

7. The employer told the claimant on November 12, 1993, that he was being separated from employment because of his suspended driving privileges. He needed to be able to perform his job duties.

\* \* \* \* \* \*

9. Since the employer's insurance company would not insure the claimant, the employer could not continue to employ the claimant, and the work relationship ended effective November 12, 1993.

Finding of Fact No. 7, which is supported by the evidence, states that Claimant was discharged *on November 12, 1993,* because the Department had revoked his driver's license. When Claimant returned to Employer in early December, after having his license restored, Claimant had already been discharged for failure to meet a requirement of his employment. Thus, Claimant's argument that he was discharged for willful misconduct because of an insurance company regulation of which the Employer was not aware is without merit.

We have held that where one of the prerequisites for employment is possession of a driver's license and an employee loses his driving privileges through his own fault, he is ineligible for unemployment compensation benefits. *Varmecky v. Unemployment Compensation Board of Review,* 60 Pa.Commonwealth Ct. 640, 432 A.2d 635 (1981). In *Manross v. Unemployment Compensation Board of Review,* 132 Pa.Commonwealth Ct.

129, 572 A.2d 49 (1990), the claimant, a truck driver, knew a valid driver's license was a prerequisite for continued employment. While off-duty, the claimant was arrested and convicted for driving under the influence of intoxicants. The Department suspended the claimant's driver's license and because the employer had no other work which did not require a driver's license, the claimant was suspended from his employment. We held that the failure to maintain a valid driver's license, when a prerequisite for continued employment, was clearly connected to the claimant's work and constituted willful misconduct under Section 402(e) of the Law. Therefore, we hold that the UCBR did not err in holding that Claimant's conduct was willful misconduct.[2]

Accordingly, we affirm.

### ORDER

AND NOW, this 15th day of December, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

**2.** Although Claimant appealed the UCBR's order regarding the imposition of a non-fault overpayment subject to recoupment, he has not argued this issue in his brief. Under *Savage v. Unem-* *ployment Compensation Board of Review,* 89 Pa.Commonwealth Ct. 61, 491 A.2d 947 (1985), Claimant has waived this issue.