IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Ratkovich,               :
          Petitioner      :
                            :
          v.                 :  No. 695 C.D. 2016
                            :  SUBMITTED:  November 4, 2016
Unemployment Compensation  :
Board of Review,           :
          Respondent    :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE HEARTHWAY         FILED:  February 21, 2017

Scott Ratkovich (Claimant) petitions *pro se* for review of an order by the Unemployment Compensation Board of Review (Board) affirming the decision of a referee. The referee's decision reversed the Department of Labor and Industry's (Department) finding that Claimant was eligible for benefits. The Board determined that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law) relating to willful misconduct.[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-918.10.

Claimant was employed by the United States Postal Service (Employer) from April 15, 2006 until October 16, 2015 as a full-time rural mail carrier. In August 2014, Claimant's driver's license was suspended for three years due to a criminal conviction for driving under the influence (DUI). Though a valid driver's license is required for employment as a mail carrier, Employer has a policy under which a mail carrier with suspended driving privileges may enlist the aid of a licensed third-party for a maximum period of one year. Pursuant to this policy, Claimant obtained the assistance of a licensed driver on his route on October 16, 2014. After the one year period, Claimant was notified by Employer that he would be terminated because his driver's license had not been reinstated, and he could no longer continue to use a licensed third-party to assist him.

On October 18, 2015, Claimant filed for unemployment compensation benefits. On November 10, 2015, a Department service center determined that Claimant was not ineligible for benefits under Section 402(e). Employer appealed that determination. A hearing was held on January 6, 2016, and a referee reversed the Department's determination, finding that Claimant was ineligible for benefits under Section 402(e) because his employment required a valid driver's license and Claimant was at fault for the loss of his license. Claimant appealed the referee's decision to the Board, which adopted and incorporated the referee's findings and conclusions. This appeal followed.[2]

---

[2] Our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Kirkwood v. Unemployment Comp. Bd. of Review*, 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987).

The issue in this case is whether Claimant's driver's license suspension constitutes willful misconduct under Section 402(e). The statute states that a claimant shall be ineligible for unemployment compensation when the claimant's unemployment was due to a discharge or suspension for willful misconduct connected with the work. 43 P.S. § 403(e). We have previously determined that "where one of the prerequisites for employment is possession of a driver's license and an employee loses his driving privileges through his own fault, he is ineligible for unemployment compensation benefits." *Williams v. Unemployment Comp. Bd. of Review*, 651 A.2d 708, 710 (Pa. Cmwlth. 1994) (citing *Varmecky v. Unemployment Comp. Bd. of Review*, 432 A.2d 635 (Pa. Cmwlth. 1981)).

In this case, Claimant lost his driver's license for three years due to his conviction for DUI. He does not challenge the determination that the suspension was his fault. Nor does he challenge that he was unable to regain his driver's license at the conclusion of the one year grace period provided by his Employer. Rather, Claimant argues that the Board erred in finding that he committed willful misconduct because he was driving his personal vehicle and was not on duty when he drove under the influence. We disagree.

Incidents leading to the loss of driving privileges that are the fault of the employee can constitute willful misconduct, regardless of whether the incident occurred in the employer's vehicle or the employee's personal vehicle. *See Manross v. Unemployment Comp. Bd. of Review*, 572 A.2d 49 (Pa. Cmwlth. 1990) (claimant's suspended license stemming from an off-duty arrest and DUI

3

conviction constituted willful misconduct); *see also Williams*, 651 A.2d at 709 (claimant's license suspension resulting from a failure to pay fines levied against his personal vehicle constituted willful misconduct). The willful misconduct determination hinges on whether the license suspension was Claimant's fault rather than the timing of the reason for the suspension or the ownership of the vehicle involved. Because Claimant's criminal actions resulted in a license suspension that made the execution of his work duties impossible at the conclusion of a one-year grace period, his discharge was due to willful misconduct. *Manross*, 572 A.2d at 50.

Claimant also argues that Employer should have either permitted Claimant to continue paying for a supplemental driver beyond the allotted one-year period, or reassigned Claimant to a position that would not require a valid driver's license. However, arguments that Employer should have offered him additional accommodations to preserve his employment are without merit. Claimant was terminated for willful misconduct. The fact that Claimant can imagine Employer responses to his willful misconduct other than termination does not render him eligible for benefits.

The Board did not err in determining that Claimant was ineligible for benefits under Section 402(e) of the Law. Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Ratkovich,                     :

           Petitioner       :

                               :

           v.                : No. 695 C.D. 2016

                               :

Unemployment Compensation   :

Board of Review,               :

           Respondent    :


## O R D E R


AND NOW, this 21st day of February, 2017, the order of the Unemployment Compensation Board of Review is affirmed.


                                          _____

                                          JULIA K. HEARTHWAY, Judge