572 A.2d 49

**Gerald L. MANROSS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 1990.

Decided March 20, 1990.

Edward G. David, Bridgeville, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, with her, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge:

Gerald L. Manross (Claimant) seeks review of the order of the Unemployment Compensation Board of Review (Board) which denied him benefits under Sections 3 and 402(e) of the Unemployment Compensation Law [1] (Law). Issues presented for review are: (1) whether the Board erred in applying Section 402(e) of the Law, 43 P.S. § 802(e), to Claimant's separation from employment and, if not, whether the Board's finding of willful misconduct is precluded since Claimant's employer did not contest his application for benefits; (2) whether the second part of the test used to determine eligibility for benefits under Section 3 of the Law, 43 P.S. § 752,[2] violates the equal protection rights

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 752, 802(e). Section 3 denies benefits to claimants who become unemployed through their own fault while Section 402(e) directs in relevant part that:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his ... temporary suspension from work for willful misconduct connected with his work, . . . .

2. The Section 3 test that Claimant challenges as unconstitutional in part requires an employer to establish that the claimant's non-work-related conduct was contrary to acceptable standards of behavior *and* that the conduct in question directly reflects upon the claimant's ability to perform his assigned duties. *Atkins v. Unemployment Com-*

of those who are denied benefits because their off-duty misconduct reflects on their particular jobs while others are granted benefits who have engaged in identical or worse off-duty misconduct which does not reflect on their particular jobs; and (3) whether the second part of the test used to determine eligibility for benefits under Section 3 undermines the purpose of the Law. We affirm.

Claimant was employed as a truck driver for Shreffler Lumber (Employer) and was aware that a valid driver's license was a prerequisite for continued employment. While off-duty, Claimant was arrested and subsequently convicted for driving under the influence of intoxicants. As a result, Claimant's driver's license was suspended. Because Employer had no work for Claimant other than that which required a valid driver's license, Employer temporarily suspended Claimant from employment until such time as his driver's license was restored.

After his separation from employment, Claimant applied for benefits with the Office of Employment Security (OES) which determined him to be ineligible for benefits by virtue of Sections 3 and 402(e) of the Law, 43 P.S. §§ 752, 802(e). Claimant appealed OES's determination and, after hearing, wherein Claimant was the only party to attend and present evidence, the referee found Claimant ineligible for benefits solely on the basis of Section 3.

Upon further appeal by Claimant, the Board affirmed OES's determination, finding Claimant ineligible for benefits under both Sections 3 and 402(e) of the Law. Claimant now seeks our review of the Board's decision.

█ Claimant contends that the Board erred in analyzing this case under Section 402(e) of the Law, 43 P.S. § 802(e), which governs *work-related* misconduct. In support, Claimant cites *Robinson v. Unemployment Compensation Board of Review*, 119 Pa.Commonwealth Ct. 133, 546 A.2d 750 (1988).

pensation *Board of Review*, 121 Pa.Commonwealth Ct. 165, 550 A.2d 287 (1988).

In *Robinson*, the claimant was employed by the City of Pittsburgh as a co-driver of a sanitation truck. While off-duty and allegedly under the influence of alcohol, he was involved in a serious accident wherein his pick-up truck struck and killed a pedestrian. The claimant's involvement in the accident eventually led to criminal charges being filed against him as well as to his discharge for conduct unbecoming a City of Pittsburgh employee.

On review, the claimant in *Robinson* contended that the Board erred in finding him ineligible for benefits under Section 402(e) of the Law, 43 P.S. § 802(e), rather than analyzing the case under Section 3 of the Law, 43 P.S. § 752. We concluded, under the circumstances presented therein, that the claimant's eligibility for benefits should have been analyzed under Section 3 since the claimant was discharged from his employment solely on the basis of the off-duty accident which had no connection to his work.

Here, by contrast, Claimant's temporary separation from his employment was not based upon his off-duty conduct per se, namely, operating a vehicle while under the influence of intoxicants. Rather, Employer temporarily suspended Claimant from employment solely because Claimant no longer held a valid driver's license and, as a result, could no longer perform the work for which he had been hired. Unlike *Robinson*, Claimant's failure to maintain a valid driver's license, a prerequisite for his continued employment, was clearly connected to his work.

Given the significant factual distinctions between *Robinson* and the case *sub judice*, our holding in *Robinson* is not dispositive here nor should it be interpreted as requiring all cases that involve any type of off-duty misconduct, regardless of the actual basis for a claimant's separation from employment, to be analyzed exclusively under Section 3 of the Law, 43 P.S. § 752.[3] Under the circumstances of this

3. Both Sections 3 and 402(e) have been previously applied to a claimant's failure to acquire or maintain a valid state license. *See, e.g., Jones v. Unemployment Compensation Board of Review,* 513 Pa. 45, 518 A.2d 1150 (1986) (Section 3); *Adams v. Unemployment Com-*

case, we find no error by the Board in applying Section 402(e) of the Law, 43 P.S. § 802(e), to Claimant's separation from employment inasmuch as the basis therefor was work-related.

■ In the alternative, Claimant contends that the Board is precluded from finding willful misconduct under Section 402(e) of the Law, 43 P.S. § 802(e), since Employer, the party with the burden of proof, did not contest his application for benefits. We disagree. An employer and employee cannot determine the employee's entitlement to benefits when the law, as applied to the facts, supports ineligibility for benefits. *See Barillaro v. Unemployment Compensation Board of Review*, 36 Pa.Commonwealth Ct. 325, 387 A.2d 1324 (1978).[4]

For the foregoing reasons, the order of the Board is affirmed.[5]

PALLADINO, J., concurs in the result only.

## ORDER

AND NOW, this 20th day of March, 1990, the order of the Unemployment Compensation Board of Review is affirmed.

*pensation Board of Review*, 86 Pa.Commonwealth Ct. 238, 484 A.2d 232 (1984) (Section 402(e)); *Township of Darby v. Unemployment Compensation Board of Review*, 59 Pa.Commonwealth Ct. 284, 429 A.2d 1223 (1981) (Section 402(e)); *Chacko v. Unemployment Compensation Board of Review*, 49 Pa.Commonwealth Ct. 148, 410 A.2d 418 (1980) (Section 402(e)). *See also Robinson*, 119 Pa.Commonwealth Ct. at 137, 546 A.2d at 752, where we state that *"off-duty* misconduct which has a direct effect on claimant's job, such as an employee's failure to acquire or maintain a state license necessary for employment, may be analyzed under either section."

4. Claimant has not in any other way contested the substantiality of the evidence upon which the Board based its finding of willful misconduct nor has Claimant raised the additional issue of whether the Board erred as a matter of law in finding willful misconduct.

5. Having found Section 402(e) to be a proper basis upon which to affirm the Board's decision, we need not now reach the remaining issues, including Claimant's constitutional challenge to Section 3. We merely wish to note that Pa.R.A.P. 521 would appear applicable here and that the record certified to us does not contain written notice by Claimant to the Attorney General of the existence of his constitutional challenge.