# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Fountain Hill,           :
                    Petitioner      :
                                    :
            v.                      :   No. 1848 C.D. 2013
                                    :   Submitted: April 17, 2014
Unemployment Compensation           :
Board of Review,                    :
                    Respondent      :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**                    **FILED:  August 7, 2014**

The Borough of Fountain Hill (Employer) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board) that held that James N. Scoble (Claimant) is not ineligible to receive unemployment compensation benefits under Sections 402(e) and 3 of the Unemployment Compensation Law.[1]  For the reasons set forth below, we reverse.

Claimant was employed by Employer as a police officer from April 2006 to August 6, 2013.  (Record Item (R. Item) 22, Board Decision and Order, Findings of Fact (Board F.F.) ¶¶1, 11, Reproduced Record (R.R.) at 63a-64a; R.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, §§ 3, 402(e), *as amended,* 43 P.S. §§ 752, 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."  43 P.S. § 802(e). Section 3 provides that the purpose of the Unemployment Compensation Law is to provide benefits to persons who become "unemployed through no fault of their own."  43 P.S. § 752.

Item 10, 6/3/13 Hearing Transcript (6/3/13 H.T.) at 12, R.R. at 35a; R. Item 21, 8/13/13 Hearing Transcript (8/13/13 H.T.) at 5-6, R.R. at 46a-47a; R. Item 21, Ex. E-6.) Employer's Policies and Procedures Manual for its Police Department provided:

> 1. A police officer is the most conspicuous representative of government. To most people an officer is a figure of stability and authority upon whom they can rely. <u>An officer's conduct is closely scrutinized</u>, and his actions are often criticized far more severely than persons in other professions.
>
> 2. <u>Since an officer's conduct reflects directly upon the Department and the Borough, an officer must conduct himself in a way that does not bring discredit upon himself, the Department or the Borough.</u> The vast majority of officers are dedicated professionals who act appropriately at all times. However, should it become necessary, <u>the Department may impose discipline on an officer for Conduct Unbecoming an Officer.</u>
>
> 3. Conduct Unbecoming cannot be defined with absolute precision; however, it has been applied generally where an officer's conduct has had a tendency to destroy respect for police officers and confidence in the agency's operation.

(R. Item 10, Ex. E-1 & 6/3/13 H.T. at 4, R.R. at 8a-9a, 27a) (emphasis added). The Policies and Procedures Manual made clear that private, off-duty conduct that brings discredit to the Police Department, including off-duty driving under the influence of alcohol (DUI), constituted Conduct Unbecoming an Officer. (R. Item 10, Ex. E-1, R.R. at 8a-9a, 15a-16a.) Claimant was aware of these policies. (R. Item 22, Board F.F. ¶4, R.R. at 63a; R. Item 10, 6/3/13 H.T. at 4-5, R.R. at 27a-28a; R. Item 10, Exs. E-2, E-3.)

Employer's Policies and Procedures Manual set forth the procedures that Employer would follow when an officer was charged with a crime, stating that

2

> Employees formally arrested for misdemeanor and felony offense shall be placed on paid suspension, administrative duty, or administrative leave until the preliminary hearing. The Office of Chief [of Police] may, after the preliminary hearing, place the employee on unpaid suspension, administrative duty, or administrative leave. Employees who are acquitted of criminal offenses shall be given due back pay.

(R. Item 10, Ex. E-1, R.R. at 16a; *see also* R. Item 22, Board F.F. ¶3, R.R. at 63a.) The Policies and Procedures Manual expressly provided that "[f]or administrative disciplinary purposes, Accelerated Rehabilitative Disposition (ARD) shall be considered a conviction." (R. Item 10, Ex. E-1, R.R. at 16a.) The Policies and Procedures Manual also detailed the levels of discipline that could be imposed for Conduct Unbecoming an Officer, ranging from reprimands to suspension, demotion and termination of employment, and set forth standard discipline for various types of misconduct. (*Id.*, R.R. at 9a-21a.) The standard discipline listed for off-duty DUI convictions was suspension for 5-15 days where there was no collision and suspension for 5-20 days for off-duty DUI involving a collision. (R. Item 10, Ex. E-1, R.R. at 16a; *see also* R. Item 22, Board F.F. ¶2, R.R. at 63a.) The Policies and Procedures Manual, however, made clear that Employer had discretion to impose discipline greater than this standard discipline range, stating:

> The Chief of Police should generally impose the standard discipline indicated for a particular violation. However, the Chief of Police may deviate from the standard range. Such deviation shall be based on any mitigating or aggravating factors relative to each particular incident.

(R. Item 10, Ex. E-1, R.R. at 15a.)

On December 16, 2012, Claimant was involved in a single-vehicle collision while off duty and was arrested for DUI. (R. Item 22, Board F.F. ¶5, R.R. at 63a; R. Item 10, 6/3/13 H.T. at 2, 11-12, R.R. at 25a, 34a-35a.) In accordance with its Policies and Procedures Manual, Employer placed Claimant on

administrative leave with pay until the conclusion of his preliminary hearing on that charge.  (R. Item 22, Board F.F. ¶6, R.R. at 63a; R. Item 10, 6/3/13 H.T. at 6, R.R. at 29a; R. Item 10, Ex. E-4.)  On February 14, 2013, Claimant waived his right to a preliminary hearing, and Employer placed him on administrative leave without pay until the DUI charge against him was resolved.  (R. Item 22, Board F.F. ¶¶7-8, R.R. at 63a; R. Item 10, 6/3/13 H.T. at 6-8, R.R. at 29a-31a; R. Item 10, Ex. E-5.)  On June 24, 2013, Claimant accepted ARD with respect to the DUI charge and was admitted into an ARD program.  (R. Item 22, Board F.F. ¶9, R.R. at 64a; R. Item 21, 8/13/13 H.T. at 2, R.R. at 43a; R. Item 21, Ex. R-1.)  Claimant's ARD Participation Agreement placed him on probation for six months and set as a special condition that "<u>Defendant will not</u> file for a permit to carry a firearm or <u>possess a firearm</u> during their[sic] six-month term of supervision and/or until all program requirements have been successfully completed."  (R. Item 21, Ex. C-6) (emphasis added).  On August 6, 2013, Employer discharged Claimant for his off-duty DUI.  (R. Item 22, Board F.F. ¶11, R.R. at 64a; R. Item 21, 8/13/13 H.T. at 5-6, R.R. at 46a-47a; R. Item 21, Ex. E-6.)

Claimant filed the instant claim for unemployment benefits on February 17, 2013, when he was placed on administrative leave without pay, before the resolution of his DUI charge and before Employer discharged him. Claimant admitted to the Unemployment Compensation Service Center (Service Center) that he was involved in an off-duty DUI accident, and the Service Center found Claimant ineligible under Section 402(e) of the Unemployment Compensation Law on the ground his off-duty DUI constituted willful misconduct. (R. Item 2, Claimant Questionnaire at 1; R. Item 5, Service Center Notice of Determination.)  Claimant appealed, and the Referee conducted a hearing on June 3, 2013, at which Claimant and Employer's Chief of Police testified and

4

Employer's Policies and Procedures Manual was introduced in evidence. At the time of this hearing, Claimant's DUI charge was still pending and he was awaiting a decision on whether he would be admitted to an ARD program. (R. Item 10, 6/3/13 H.T. at 8, 10, 12, R.R. at 31a, 33a, 35a.) Claimant remained on administrative leave without pay; no decision had been made on what discipline would be imposed. (*Id.* at 8, 10, R.R. at 31a, 33a.) On June 5, 2013, the Referee affirmed the Service Center's denial of benefits, holding that Claimant was ineligible under Section 3 of the Unemployment Compensation Law because his DUI constituted non-work related misconduct that adversely affected his duties as a police officer. (R. Item 11, Referee's Decision and Order at 2.)

Claimant appealed the Referee's decision to the Board. On July 18, 2013, the Board issued an order remanding the case to the Referee to hold a further hearing as the Board's Hearing Officer "after the disposition of the criminal charges against the claimant." (R. Item 19, Board Hearing Order.) At that remand hearing on August 13, 2013, Claimant admitted that he accepted ARD for his December 16, 2012 off-duty DUI, and his ARD Agreement and the docket entries from the DUI case showing his June 24, 2013 ARD were introduced in evidence. (R. Item 21, 8/13/13 H.T. at 2-5, R.R. at 43a-46a; R. Item 21, Exs. C-6, R-1.) Employer's Chief of Police testified at the remand hearing that Claimant was discharged for the DUI. (R. Item 21, 8/13/13 H.T. at 5-6, R.R. at 46a-47a.) Employer's Chief of Police testified that he recommended discharge as the sanction for the DUI based on a number of aggravating factors, including Claimant having his duty handgun and an assault rifle in his car at the time of the DUI; issues created by the ARD as to whether Claimant could carry a duty weapon during his six-month probation; prior discipline issues in the past six months; Claimant's high blood alcohol level and the violence of the collision; the fact that

Claimant had a prior DUI over ten years earlier; and the Chief of Police's belief that Claimant did not show remorse. (*Id.* at 7-8, 10-14, R.R. at 48a-49a, 51a-55a.) Employer did not introduce Claimant's disciplinary records in evidence or provide any testimony concerning the nature of Claimant's prior disciplinary issues. Claimant did not testify concerning any of the aggravating factors on which Employer asserted that the termination of employment was based, and his only testimony at either hearing concerning the circumstances of the DUI was that it was a single vehicle collision with a retaining wall that involved only property damage. (R. Item 10, 6/3/13 H.T. at 11-12, R.R. at 34a-35a; R. Item 21, 8/13/13 H.T. at 2-5, R.R. at 43a-46a.)

The Board, on September 30, 2013, reversed the Referee's decision and granted Claimant benefits. The Board found Claimant's testimony credible and resolved conflicts in testimony in Claimant's favor, but did not reject Employer's Chief of Police's testimony except to the extent that it conflicted with Claimant's testimony. (R. Item 22, Board Decision and Order at 3, R.R. at 65a.) Employer timely filed a petition for review appealing the Board's order to this Court.[2] We hold that Claimant's off-duty DUI, given his duties as a police officer and Employer's policies, disqualifies him from unemployment benefits and therefore reverse the Board's order.

Employer showed that Claimant's unpaid leave and discharge for which he sought unemployment benefits were due to misconduct. There was no dispute that Claimant accepted ARD for a DUI offense and Employer's Policies

---

[2] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated, and necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 n.1 (Pa. 2001).

6

and Procedures Manual treated ARD as a criminal conviction with disciplinary consequences. (R. Item 21, 8/13/13 H.T. at 2, R.R. at 43a; R. Item 21, Ex. R-1; R. Item 10, Ex. E-1, R.R. at 16a.) Moreover, acceptance of ARD for a DUI offense is sufficient to show a violation of Section 3802 of the Vehicle Code, the statute that makes DUI a criminal offense. *Whalen v. Department of Transportation, Bureau of Driver Licensing*, 32 A.3d 677, 683-86 (Pa. 2011).

Because Claimant's misconduct occurred off-duty, we consider his eligibility for unemployment benefits under both Section 402(e) and Section 3 of the Unemployment Compensation Law. Whether Claimant's actions make him ineligible under Section 402(e) and Section 3 are questions of law subject to our plenary, *de novo* review. *Temple University v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 n.1 (Pa. 2001); *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 (Pa. Cmwlth. 2003) (*en banc*); *Horsefield v. Unemployment Compensation Board of Review*, 531 A.2d 829, 830 (Pa. Cmwlth. 1987).

Under Section 402(e) of the Unemployment Compensation Law, a claimant is ineligible for benefits for any week where he has been discharged or suspended for work-related willful misconduct. 43 P.S. § 802(e); *Burger v. Unemployment Compensation Board of Review*, 801 A.2d 487, 491 (Pa. 2002); *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Palladino v. Unemployment Compensation Board of Review*, 81 A.3d 1096, 1100-01 (Pa. Cmwlth. 2013). Willful misconduct is conduct by an employee that evidences wanton or willful disregard of the employer's interests, deliberate violation of the employer's rules, disregard of standards of behavior that an employer can rightfully expect from an employee, or negligence that indicates an intentional disregard for the employer's interests or the employee's duties or

obligations. *Temple University*, 772 A.2d at 418; *Caterpillar, Inc.,* 703 A.2d at 456.

Off-duty illegal conduct constitutes work-related willful misconduct and disqualifies the claimant from unemployment benefits under Section 402(e) if the conduct violates an employer policy that directly relates to the nature of his job or if the conduct or its consequences have a direct effect on his work. *Frazier*, 833 A.2d at 1183-85 (criminal convictions for theft barred benefits under Section 402(e) even though conduct was outside of work where workplace policy and state regulation prohibited employer, a skilled rehabilitation and care center, from employing persons convicted of those offenses); *Manross v. Unemployment Compensation Board of Review*, 572 A.2d 49, 50–51 (Pa. Cmwlth. 1990) (off-duty DUI conviction that caused loss of driver's license constituted willful misconduct connected to claimant's work because it interfered with claimant's work as truck driver); *Nevel v. Unemployment Compensation Board of Review*, 377 A.2d 1045, 1047 (Pa. Cmwlth. 1977) (Liquor Control Board stock clerk's off-duty violation of Liquor Code constituted "work-connected" willful misconduct because he "deliberately disregarded a statute which his employer had the affirmative duty to administer and enforce"); *see generally Palladino*, 81 A.3d at 1102-04. In contrast, off-duty criminal conduct does not make a claimant ineligible for benefits under Section 402(e) if the misconduct does not violate any express employer policy or merely violates a general code of conduct not related to the nature of the claimant's job and if the misconduct has no direct impact on the claimant's ability to perform his job. *Burger*, 801 A.2d at 489-91 (off-duty drug use by nursing home employee that neither violated a work rule nor affected work performance did not constitute work-related willful misconduct); *Palladino*, 81 A.3d at 1103-04

8

(wastewater treatment plant supervisor's off-duty DUI did not constitute work-related misconduct even if it violated employer's general code of conduct).

Here, several factors compel the conclusion that Claimant's DUI constituted work-related misconduct under Section 402(e). Claimant was not an ordinary employee; he was a police officer and his DUI was a violation of a law that his duties required him to enforce. Employer was therefore entitled to regard such off-duty conduct as work-related. *See Nevel*, 377 A.2d at 1047. Employer's Policies and Procedures Manual specifically listed off-duty DUI resulting in an ARD as misconduct that would result in disciplinary action. In addition, Claimant's ARD agreement imposed a requirement that he not "possess a firearm" (R. Item 21, Ex. C-6), a condition affecting his duties as a police officer.[3]

Even if Section 402(e) did not apply, however, Claimant's DUI has a sufficient relationship to and effect on his duties and fitness as a police officer to disqualify him under Section 3. Under Section 3 of the Unemployment Compensation Law, a claimant who has been suspended or discharged for non-work-related off-duty misconduct is ineligible for benefits where his conduct is inconsistent with acceptable standards of behavior and directly affects his ability to perform his assigned duties. *Burger*, 801 A.2d at 491; *Palladino*, 81 A.3d at 1100-01; *Elser v. Unemployment Compensation Board of Review*, 967 A.2d 1064, 1070 (Pa. Cmwlth. 2009); *Adams v. Unemployment Compensation Board of Review*, 397 A.2d 861, 862 (Pa. Cmwlth. 1979). Direct effect on the claimant's ability to perform his duties is not limited to interference with or physical inability to

---

[3] While the record was unclear as to whether this restriction prevented Claimant from having a duty weapon during working hours, the restriction barred Claimant from retaining his duty weapon off-duty as Employer's police officers ordinarily would and raised questions with respect whether he should be permitted to carry a duty weapon at all. (R. Item 21, 8/13/13 H.T. at 11-13, R.R. at 52a-54a.)

9

perform specific work; this requirement is satisfied, and Section 3 bars benefits, where the claimant's conduct is inconsistent with the nature of his job and the degree of trust that his job requires. *Elser*, 967 A.2d at 1070-71 (off-duty request for drugs and offensive comments about co-worker and employer disqualified claimant under Section 3 because they were incompatible with his job as principal of residential treatment facility for delinquent youth, even though they did not prevent him from performing his specific duties); *Horsefield*, 531 A.2d at 831-32 (drug convictions disqualified bartender from unemployment benefits under Section 3); *Dombroskie v. Unemployment Compensation Board of Review*, 405 A.2d 1044, 1045-46 (Pa. Cmwlth. 1979) (off-duty hit-and-run conviction and false accident report barred security officer from benefits under Section 3); *D'Iorio v. Unemployment Compensation Board of Review*, 400 A.2d 1347, 1349-50 (Pa. Cmwlth. 1979) (detective discharged for off-duty conduct of socializing with two convicted felons was disqualified from benefits under Section 3); *Adams*, 397 A.2d at 862 (conviction for insurance fraud committed in prior employment barred insurance claims manager from benefits under Section 3).

Claimant's criminal DUI is inconsistent with acceptable standards of behavior and with his job responsibilities as a police officer to enforce the law that he violated and therefore disqualifies him from unemployment benefits under Section 3. *D'Iorio*, 400 A.2d at 1349-50. As this Court explained in *D'Iorio*:

> The police officer is expected to conduct himself lawfully and properly to bring honor and respect to the law which he is sworn and duty-bound to uphold. He who fails to so comport brings upon the law grave shadows of public distrust. … It demands that in both an officer's <u>private</u> and official lives he do nothing to bring dishonor upon his noble calling and in no way contribute to a weakening of the public confidence and trust of which he is a repository.

*Id.* (quoting *Faust v. Police Civil Service Commission*, 347 A.2d 765 (Pa. Cmwlth. 1975)) (emphasis in original).

The Board did not address whether a police officer's off-duty DUI is sufficiently work-related or contrary to his job responsibilities to permit denial of benefits under Section 402(e) or Section 3. Rather, the Board held that Employer's policies limited discipline for an off-duty DUI with a collision to suspension for 5-20 days, stating that "[t]he employer's policy provides that the employees will <u>only</u> be suspended for 5 to 20 days if convicted of a DUI" and that "[t]he employer's standards provide that an off duty DUI should <u>only</u> lead to a suspension." (R. Item 22, Board F.F. ¶2 and Decision and Order at 3, R.R. at 63a, 65a) (emphasis added). Based on this conclusion, the Board held that Claimant's off-duty DUI did not violate Employer's standards of behavior and therefore did not constitute willful misconduct or bar benefits under Section 3 of the Unemployment Compensation Law. (*Id.*, Board Decision and Order at 3, R.R. at 65a.)

"Where an [e]mployer promulgates a specific disciplinary system, it is incumbent upon [e]mployer to follow that system." *PMA Reinsurance Corp. v. Unemployment Compensation Board of Review*, 558 A.2d 623, 626 (Pa. Cmwlth. 1989). Thus, where an employer's disciplinary policy limits the sanctions that it may impose and does not permit discharge for the conduct in question, a claimant discharged for that conduct is not barred from benefits because his discharge is not, under the employer's own standards, sufficiently contrary to the employer's interest and the requirements of the job to warrant discharge. *Id.*; *Brady v. Unemployment Compensation Board of Review*, 544 A.2d 1085, 1086-88 (Pa. Cmwlth. 1988); *Gillespie v. Unemployment Compensation Board of Review*, 523 A.2d 1205, 1207 (Pa. Cmwlth. 1987); *Unemployment Compensation Board of Review v. Schmid*, 341 A.2d 553, 555 (Pa. Cmwlth. 1975). The fact that an

11

employer's policies provide sanctions short of discharge, however, does not negate willful misconduct or make a discharged employee eligible for benefits where the employer's policies make clear that the employer has discretion to impose a different and greater sanction for the conduct in question. *Johnson v. Unemployment Compensation Board of Review*, 744 A.2d 817, 821 (Pa. Cmwlth. 2000); *Seton Co. v. Unemployment Compensation Board of Review*, 663 A.2d 296, 299 (Pa. Cmwlth. 1995).

The Board's determination that Employer's Policies and Procedures Manual permitted only a suspension for off-duty DUI is not supported by substantial evidence and is an erroneous legal interpretation of that written document. While the Policies and Procedures Manual listed "5-20 Days Suspension" as the "standard discipline" that should "generally" be imposed for this type of off-duty DUI, it also expressly provided "the Chief of Police may deviate from the standard range" and gave him discretion to impose a greater sanction if he found aggravating factors. (R. Item 10, Ex. E-1, R.R. at 15a-16a.) Because Employer's policies expressly granted it discretion to impose a greater sanction than suspension for this off-duty DUI, the fact that Employer's standard sanction was suspension does not make Claimant's conduct consistent with Employer's standards of behavior and does not make Claimant eligible for benefits. *Johnson*, 744 A.2d at 821; *Seton Co.*, 663 A.2d at 299.

Moreover, the undisputed evidence before the Board showed that Employer complied with its disciplinary policies. Employer's Policies and Procedures Manual provided that an officer charged with an off-duty crime was to be placed on administrative leave with pay until his preliminary hearing, that if the charges proceeded beyond a preliminary hearing, he could be placed on leave without pay until the charges were resolved, and that he would receive back pay

12

for that latter period only if acquitted of the charges. (R. Item 10, Ex. E-1, R.R. at 16a.) Employer acted consistently with those policies in placing Claimant on paid leave following his arrest and placing him on unpaid administrative leave after he waived his preliminary hearing on February 14, 2013. (R. Item 22, Board F.F. ¶¶6-8, R.R. at 63a; R. Item 10, 6/3/13 H.T. at 6-8, R.R. at 29a-31a; R. Item 10, Exs. E-4, E-5.) Under Employer's Policies and Procedures Manual, Claimant's ARD constituted a conviction that barred him from back pay for that unpaid leave. (R. Item 10, Ex. E-1, R.R. at 16a.)

Employer also acted consistently with those policies in terminating Claimant's employment. Employer based its decision to discharge Claimant for the DUI, rather than suspend him, on significant aggravating factors not present in all such DUIs, including the restrictions that Claimant's ARD Agreement placed on his possession of firearms, the fact that Claimant had his duty weapon and an assault rifle with him when he committed the DUI, and the fact that he had a prior DUI. (R. Item 21, 8/13/13 H.T. at 7-8, 10-14, R.R. at 48a-49a, 51a-55a; R. Item 21, Ex. C-6.)

For the foregoing reasons, we reverse the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

13

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Borough of Fountain Hill,               :
                Petitioner        :
                             :
           v.                    :    No. 1848 C.D. 2013
                             :
Unemployment Compensation      :
Board of Review,                :
               Respondent       :

**O R D E R**

AND NOW, this 7th day of August, 2014, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby REVERSED.

_____
JAMES GARDNER COLINS, Senior Judge