J-S54003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES RAYMOND BORCHERT, | |
| Appellant | No. 205 WDA 2016 |

Appeal from the PCRA Order Entered January 12, 2016
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001932-2007

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 24, 2016**

Appellant, James Raymond Borchert, appeals *pro se* from the post-conviction court's January 12, 2016 order denying his "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*," which the court considered an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In September of 2008, a jury convicted Appellant of third-degree murder and voluntary manslaughter based on evidence that Appellant shot and killed his wife and her paramour in Butler County, Pennsylvania. Appellant was sentenced on October 14, 2008, to an aggregate term of 23 to 46 years' incarceration.  He filed a timely direct appeal, and after this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal on November 24, 2010.  ***Commonwealth v.***

**Borchert**, 990 A.2d 37 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 13 A.3d 474 (Pa. 2010). Appellant did not seek review by the United States Supreme Court and, thus, his judgment of sentence became final on February 22, 2011. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

On December 29, 2011, Appellant filed a petition for writ of *habeas corpus*, which the trial court treated as a timely-filed PCRA petition. Counsel was appointed and an amended petition was filed on Appellant's behalf. After the court conducted an evidentiary hearing, it denied Appellant's petition in September of 2012. Appellant timely appealed, and this Court affirmed, after which our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Borchert**, 81 A.3d 1101 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 78 A.3d 1089 (Pa. 2013).

On December 21, 2015, Appellant filed a *pro se* "Motion to Modify Sentence *Nunc Pro Tunc*." Therein, he raised various claims, including challenges to the legality of his sentence, the discretionary aspects of his

sentence, and the court's failure to suppress a statement he gave to police. Appellant also asserted in the motion that his trial counsel acted ineffectively, and that the Commonwealth's charging him with 'open' homicide violated his due process rights. The court treated Appellant's motion as a PCRA petition and, on December 28, 2015, it issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* response, but on January 13, 2016, the court issued an order dismissing Appellant's petition on the basis that it was untimely filed.

Appellant filed a timely notice of appeal with this Court. While the PCRA court initially ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, it subsequently issued another order stating that a Rule 1925(b) statement was unnecessary. The court did not file an opinion, but set forth its reasons for dismissing Appellant's petition in its January 13, 2016 order. On appeal, Appellant presents one issue for our review: "Whether the [PCRA] [c]ourt erred in dismissing Appellants [*sic*] Motion to Modify and Reduce Sentence *Nunc Pro Tunc*." Appellant's Brief at 5 (unnecessary capitalization omitted).[1]

_____

[1] The Commonwealth asserts that we should quash or dismiss this appeal because Appellant's brief fails to comply with the Rules of Appellate Procedure. **See** Commonwealth's Brief at 2-3. Because we can ascertain Appellant's arguments, and conduct a meaningful review thereof, we decline to quash or dismiss his appeal based on his briefing defects.

We begin by addressing Appellant's assertion that the court erred by treating his motion as a PCRA petition.

> In ***Commonwealth v. Fowler****,* 930 A.2d 586 (Pa. Super. 2007), the learned Judge, now Justice, McCaffery, collected cases and reiterated that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions. ***Id.*** at 591 (citing ***Commonwealth v. Johnson****,* 803 A.2d 1291, 1293 (Pa. Super. 2002)); ***Commonwealth v. Evans****,* 866 A.2d 442 (Pa. Super. 2005); ***Commonwealth v. Beck****,* 848 A.2d 987, 989 (Pa. Super. 2004); ***Commonwealth v. Guthrie****,* 749 A.2d 502, 503 (Pa. Super. 2000).
>
> More recently, in ***Commonwealth v. Jackson****,* 30 A.3d 516 (Pa. Super. 2011), this Court held that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Id.*** at 521 (quoting ***Johnson, supra***).

***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013). Here, Appellant titled his motion as a "Motion to Modify Sentence *Nunc Pro Tunc*," thus indicating it should be treated as a PCRA petition under ***Jackson***. More importantly, the substantive claims asserted by Appellant in that motion - discussed *supra* - are cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2). Consequently, the court did not err in treating Appellant's motion as a PCRA petition.

Next, we must assess the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address

the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in February of 2011 and thus, his present petition filed in December of 2015 is patently untimely. For this Court to have jurisdiction to review the merits thereof,

including Appellant's challenge to the legality of his sentence,[2] Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant has failed to do so. In his brief, Appellant reiterates the arguments presented in his *pro se* petition. Specifically, he challenges his sentence (both its discretionary aspects and legality); raises claims of ineffective assistance of trial counsel; contends that his constitutional rights were violated by the Commonwealth's charging him with 'open' homicide; and avers that the trial court erred by denying his motion to suppress statements he made to police. Appellant makes no attempt to argue that any of these claims meet a timeliness exception, and we cannot see any way in which one would do so. Accordingly, the PCRA court's determination that Appellant's petition is untimely and meets no timeliness exception is supported by the record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (setting forth the standard of appellate review regarding an order denying a PCRA petition). Therefore, we affirm.

_____

[2] **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits)

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016